IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ATLANTIC STATES LEGAL FOUNDATION, STATE
OF NEW YORK and ALEXANDER B. GRANNIS, as
Commissioner of the New York State Department
of Environmental Conservation,                                                        88-CV-0066

                                                            Plaintiffs,

                -vs-                                                                                                ~~Chief~~ Judge Scullin
                                                                                                                Senior

THE ONONDAGA COUNTY DEPARTMENT OF
DRAINAGE AND SANITATION and ONONDAGA
COUNTY, NEW YORK,

                                                             Defendants.
-------------------------------------------------------------------------X

## STIPULATION AND ORDER AMENDING
## THE AMENDED CONSENT JUDGMENT

       **WHEREAS**, this Court entered an amended consent judgment ("ACJ") on January 20, 1998, with the consent of the State of New York and the State Commissioner of Environmental Conservation (collectively, the "State"), the Atlantic States Legal Foundation ("ASLF") and Onondaga County and the Onondaga County Department of Water Environment Protection (formerly known as the Department of Drainage and Sanitation)(collectively, the "County"), which resolved the claims asserted in this action brought under the federal Clean Water Act and the New York State Environmental Conservation Law, article 17; and

       **WHEREAS,** the ACJ requires, *inter alia*, the County to implement various upgrades and other measures that are needed to bring the County's effluent discharges into compliance with the State's effluent limitations and water quality standards; and

1

**WHEREAS,** the ACJ contains, *inter alia,* major and minor milestone dates by which the various upgrades, including construction related activities, are to be commenced and completed by the County for combined sewer overflows ("CSOs"); and

**WHEREAS,** the ACJ was amended by orders entered on May 1, 1998 and December 14, 2006; and

**WHEREAS,** paragraph 42 of the ACJ provides:

The terms and conditions of this Amended Consent Judgment may be modified by the written agreement of all the parties, on notice to EPA, and the approval of the Court. Notwithstanding the foregoing, DEC and the County may modify by written agreement, with written notice to EPA and ASLF, Minor compliance milestone dates set forth in the Appendices. A Determination made by the State shall not constitute a modification within the meaning of this paragraph.

**WHEREAS,** the State, ASLF and the County agree that further actions by the County related to the design and implementation of the Clinton and Harbor Brook CSO projects required by the ACJ including the negotiation of and entry into contracts with third parties for the design and construction of these CSO projects should be placed on hold during a two month period to allow the parties to review these projects; and

**WHEREAS,** the County represents that placing the Clinton and Harbor Brook CSO projects on hold for two months will necessarily cause an additional ten month delay before the County can regain the position that it is in today with respect to complying with the major and minor CSO milestone dates set forth in the ACJ; and

**WHEREAS,** the State and ASLF agree that under the above cited circumstances a one year extension from January 1, 2012 to January 1, 2013 of the major milestone dates for

2

completion and beginning operation of the Clinton and Harbor Brook CSO projects is reasonable and justified; and

**WHEREAS**, the December 14, 2006 order amending the ACJ provides with respect to the Midland Avenue Regional Treatment Facility and Conveyances Project ("Midland Project"):

> The County has not satisfied various minor milestone compliance dates with respect to this project and it is anticipated by all parties that the County will not satisfy the May 1, 2007 major milestone compliance date for completing construction and commencing operation of this project. The County's nonfulfillment of the minor milestone dates and its anticipated nonfulfillment of the major milestone date are due, at least in part, to an ongoing dispute between the County of Onondaga and the City of Syracuse ("City") and the Syracuse Urban Renewal Agency ("SURA") concerning title to real property. The County has begun and is proceeding with construction of the Midland RTF on property that, in part, the County took by eminent domain from the City and SURA. The County's condemnation of this property was the subject of a third-party action filed by the County before this Court which concluded with the entry on January 5, 2004 of a "Final Judgment in Third-Party Action With Reservation of the Right to Appeal" (McAvoy, J.). The City and SURA appealed from the January 5, 2004 Final Judgment and by decision dated September 21, 2006, the United States Court of Appeals for the Second Circuit certified certain state law questions to the New York Court of Appeals which has accepted the certification and has established a briefing schedule;

December 14, 2006 Order ¶ 8; and

> It is the desire of the parties that if the dispute between the County, the City of Syracuse and SURA is resolved with finality in the near future, that the parties will agree upon and submit to this Court for approval a further amendment to the ACJ that will establish a new major milestone date for this project and will resolve any and all related issues

December 14, 2006 Order ¶ 9; and

**WHEREAS**, the County, the City of Syracuse and the Syracuse Urban Renewal Agency have resolved with finality the foregoing litigation concerning the Midland Project; and

**WHEREAS**, the parties agree to establish January 1, 2012 as the new major milestone date for the completion and the start of operation of the Midland Project thereby resolving that and all related issues; and

**WHEREAS,** the United States Environmental Protection Agency has been notified and provided with a copy of this proposed order; and

**WHEREAS,** the State, ASLF and the County hereby agree and stipulate to the entry of this proposed order by the Court.

**NOW THEREFORE,** it is **ORDERED** that the ACJ is amended as follows:

1. The major milestone date applicable to completion of construction and beginning operation of the Clinton Project as set forth in paragraph 11, subpart IV of Appendix B of the ACJ, as amended, is hereby amended by deleting "January 1, 2012" and inserting "January 1, 2013" in its place.

2. The major milestone date applicable to completion of construction and beginning operation of the Harbor Brook Project as set forth in paragraph 6 (a) of the Order Amending the Amended Consent Judgment entered by the Court on December 14, 2006 is hereby amended by deleting "January 1, 2012" and inserting January 1, 2013 in its place.

3. The major milestone date applicable to completion of construction and beginning operation of the Midland Project as set forth in paragraph 5, subpart IV of Appendix B of the ACJ, as amended, is hereby amended by deleting "May 1, 2007" and inserting "January 1, 2012" in its place.

4

4. Nothing in this order limits or precludes any one or more of the parties from applying to this Court for further or additional amendments to the ACJ provided such application is consistent with the terms and conditions set forth in the ACJ for such applications.

5. Except as amended and modified herein, the ACJ as amended by the orders entered May 1, 1998 and December 14, 2006 is hereby ratified and reaffirmed and shall remain in full force and effect.

**SO AGREED:**

Dated: 21 Feb 08          ATLANTIC STATES LEGAL FOUNDATION

_____
BY: SAMUEL H. SAGE, President

Dated: 2/20/08            LAW FIRM OF CARL G. DWORKIN

_____
BY: CARL G. DWORKIN,
N.D.N.Y. Bar No. 104492
Attorney for Plaintiff,
    ATLANTIC STATES LEGAL FOUNDATION

FOR ONONDAGA COUNTY AND THE
ONONDAGA COUNTY DEPARTMENT
OF WATER ENVIRONMENT
PROTECTION

DATED: 2/21/08

BY: _Joanne M. Mahoney_
Joanne M. Mahoney
Onondaga County Executive

DATED: 2/21/08

BY: _Randy R. Ott_
Randy R. Ott, P.E.,
Commissioner, Onondaga County
Department of Water Environment
Protection

DATED: 2/21/08

BY: _Gordon J. Cuffy_
Gordon J. Cuffy
Onondaga County Attorney

February 21, 2008
Albany, New York


New York State Department of Environmental Conservation,
Alexander B. Grannis, Commissioner,

BY:

_James M. Tierney_  2/21/2008
James M. Tierney, Assistant Commissioner
for Water Resources

Dated: **2/21/08**        ANDREW M. CUOMO
Attorney General of the
State of New York

By: Norman Spiegel, Assistant
Attorney General, of Counsel
Bar Roll Number 102652
Attorney for the plaintiffs,
State of New York and the
Commissioner of Environmental
Conservation

6

SO ORDERED: _____ DATED: 4/25/08

**U.S.C.D.J.**